CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALE (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5186
Facsimile: (213) 894-0081

Attorneys for Defendant
DARRELL ARNOLD AVISS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>DARRELL ARNOLD AVISS,<br><br>　　　　　　Defendant. | Case No. 21-CR-0303-SB-AGR<br><br>**NOTICE OF MOTION AND MOTION FOR MODIFICAITON OF CONDITIONS OF RELEASE; DECLARATION OF COUNSEL**<br><br>Indictment: 6/29/2021<br>PTC: 7/12/2022<br>Trial Date: 7/26/2022<br>Last Day: 7/26/2022<br><br>**Hearing Date: March 25, 2022<br>Time: 8:00 a.m.** |

TO THE ACTING UNITED STATES ATTORNEY AND HER ATTORNEY OF RECORD: PLEASE TAKE NOTICE that Darrell Arnold Aviss, by and through his counsel of record Deputy Federal Public Defender Carel Alé, hereby moves for a modification to the terms of his pretrial release.

//

//

//

This motion is based on the attached memorandum and points of authorities and declarations, records in this case, and such further argument as the Court may permit.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: March 11, 2022          By  *s/Carel Alé*
                                   Carel Alé
                                   Deputy Federal Public Defender
                                   Attorney for Defendant
                                   DARRELL ARNOLD AVISS

# I. MEMORANDUM OF POINTS AND AUTHORITIES

## A. Introduction

Mr. Aviss respectfully asks the Court to modify the terms of his pretrial release to allow him to reside as approved by pretrial and not be required to reside with his brother, Dale Aviss. Mr. Aviss will remain on GPS location monitoring and bound by all of the other conditions of his release.

Mr. Aviss has been on pretrial release since September 24, 2021. Despite the government's dire warnings to the Court of Mr. Aviss's imminent flight, Mr. Aviss has not fled the country nor absconded from supervision. Mr. Aviss has been diligently staying in touch with U.S. Pretrial Services, focusing on getting the medical care he needs, and trying to respond to several civil cases in which he is a litigant. Mr. Dale Aviss lives in Silverado Canyon, deep in the Orange County canyon. But because Mr. Aviss's medical insurance is specific to Santa Barbara County, Mr. Aviss has been in Santa Barbara for stretches of time to go to his medical appointments. Mr. Aviss communicates every appointment and is in constant contact with his supervising officers. He does not have a car, travels mostly on public transportation and does not have the resources to be go back and forth from Orange County to Santa Barbara County for each appointment. Mr. Aviss communicates every appointment to his supervising officer, is in constant contact with him, and, as is necessarily the case because of the GPS monitoring, his movements are always known. To be clear, Mr. Aviss has been going up to Santa Barbara for stretches of time as necessary for his medical appointments always with approval and communication with his supervising officer. The requested modification is meant to allow Mr. Aviss to stay in Santa Barbara as necessary for his medical appointments and still requires U.S. Pretrial Services approval for his residence.

The government nevertheless opposes this measured request. Its opposition is based on unsubstantiate rumors and speculation (1) that despite the government's seemingly thorough investigation of this case (which has so far resulted in 21 rounds of

voluminous production), Mr. Aviss somehow still has money hidden, which the government has yet to locate but which he will undoubtedly use for his escape; and (2) that, based on neighborhood gossip, Mr. Aviss is playing loud music and having people over until late into the night. These rationales lack substance or reason. The government continues to have no evidence of any hidden funds and, even if true, [1] Mr. Aviss's relationship with neighbors has no rational connection to whether removing a condition that he reside with his brother creates a risk of flight. The Court should reject the government's punitive position.

### B.   Procedural History

#### 1.   Initial Detention

Mr. Darrell Aviss was charged by a criminal complaint on June 15, 2021, with Wire Fraud (18 U.S.C. § 1343), Laundering of Monetary Instruments (18 U.S.C. § 1956), and Engaging in Monetary Transactions in Criminally Derived Property over $10,000 (18 U.S.C. § 1957). ECF No. 1. On June 15, 2021, the government filed a request for detention. On June 24, 2021, the Honorable Magistrate Judge Alicia G. Rosenberg ordered Mr. Aviss permanently detained. ECF No. 18. The Court based its decision on the nature of the charges, $10 million fraud; Government's proffer of records showing Mr. Aviss transferred over $3 million overseas; Mr. Aviss's email in April 2021 indicating intention to move to Monaco; Mr. Aviss failure to make his mortgage payments on his residence; a civil judgment against Mr. Aviss; and the proffered unsecured bond amount insufficient in light of above circumstances and proposed surety's financial circumstances.

On June 29, 2021, Mr. Aviss was indicted. ECF No. 21. On July 6, 2021, the Office of the Federal Public Defender sought and was subsequently appointed as counsel. ECF No. 23.

---

[1] Mr. Aviss refutes these accusations.

2

### 2. First Request for Pretrial Release

On August 5, 2021, Mr. Aviss filed an application for reconsideration of Judge Rosenberg's detention order. ECF No. 46. Mr. Aviss' brother, Dale Aviss, proposed to serve as a surety and sign a $10,000 Appearance Bond. Additionally, Mr. Aviss' brother confirmed he would be willing to take third-party custody of him and have Mr. Aviss live with him at his home in Silverado, California.

On August 12, 2021, the Court held a hearing on the matter. Mr. Aviss[2] explained that this case was not a presumption case and that the government bore the burden of proving by a preponderance of the evidence that Mr. Aviss posed a serious risk of flight. Mr. Aviss also explained to the Court that his brother, Dale, was retired after working 30-years for AT&T as a communications service provider, a blue-collar job, and that Dale now lived from his pension.[3] Prior to and at the hearing, Mr. Aviss provided evidence that in 2015, when Mr. Aviss first heard the FBI was investigating him, he hired a criminal defense attorney, who then reached out to the FBI; that Mr. Aviss, through his attorney, responded to a subpoena deuces tecum from the FBI; and that in 2018, the criminal defense attorney reached out to Monica Tait, the AUSA in this matter, on behalf of Mr. Aviss. Finally, Mr. Aviss provided evidence of his medical conditions.

The government filed an Opposition to Mr. Aviss's Application for Reconsideration of Detention. ECF No. 51 . The government argued that Mr. Aviss still posed a risk of flight because he was now being indicted on five wire fraud counts and six money launder counts. Critically, the government now recanted its previous position that Mr. Aviss had hundreds of thousands of dollars in an account in Monaco that it previously suggested was available for him to use to abscond, saying "the government obtained confidential information on the morning of August 11, 2021 which prevents it

---

[2] Mr. Aviss waived his appearance for the hearing but was represented by counsel.
[3] Counsel also proffered that Mr. Dale Aviss's wife worked as a customer service representative for AT&T for 31 years and was now retired, living from her pension as well.

3

from making, or relying on, the inference that defendant presently holds fund in that same account." *Id*.

Similarly, the government walked back its accusation that Mr. Aviss had money in the Cook Islands available to him. Instead, it clarified that the money Mr. Aviss sent to the Cook Islands was sent to an alleged victim, saying "information received on July 30, 2021 from a previously unknown victim/investor indicates that these transfers were likely made for the benefit of that victim/investor." The government continued to insist Mr. Aviss could have funds stashed outside of the country despite having no evidence or knowledge of such funds. The government also argued that an international flight scheduled in [May] 2021 was evidence of Mr. Aviss risk of flight. The defense countered on rebuttal that flight logs showed Mr. Aviss had taken many international flights and had missed a few flights on occasion without fleeing the country.

Following argument, the Honorable Judge Rosenberg denied Mr. Aviss request for bail but ordered that he be provided a medical exam. ECF No. 53.

**3.      Second Request for Pretrial Release**

On September 1, 2021, Mr. Aviss sought a second review or reconsideration of pretrial release. ECF No. 56. The government filed an opposition on September 10, 2021. ECF No. 58. The government again argued that Mr. Aviss posed a serious risk of flight. The government alleged that Mr. Aviss continued to hold funds oversees that it believed he would or could use to flee. *Id.*, 3.

On September 10, 2021, the Court held a hearing on Mr. Aviss's request. At the hearing, the defense proffered documents that showed that Mr. Aviss's overseas accounts held no money and were in fact held a negative balance in order to rebut the government's allegations. The defense also proffered additional bail resources and explained that Mr. Aviss's medical condition had worsened; he had not received the medical examination ordered by the Court and he had experienced a seizure. The Court granted pretrial release on bond conditions including, relevantly for this motion, that Mr. Aviss reside with his

brother, Dale Aviss. ECF No. 73. The Court also explained that its decision was based in part on Mr. Aviss's medical condition.

### C. Governing Law

Title 18 U.S.C. §3142 explains a "judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to" certain conditions, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b). If the Court believes that release pursuant to subsection (b) will not reasonably assure the appearance of the person or will endanger the safety of the community, then the judicial officer "shall order the pretrial release of the person" pursuant to "**the least restrictive further condition, or combination of conditions** . . . ." 18 U.S.C. § 3142(c)(1), (B) (emphasis added).

### D. Argument

Since his release, Mr. Aviss has been in constant contact with the U.S. Pretrial Services supervising and location monitoring officers. He has kept his supervising officers up to date on all of his medical appointments or legal visits. And has not had any issues with his GPS monitoring. The requested relief is only a limited modification to allow Mr. Aviss to seek medical treatment and reside as approved by pretrial services. The requested relief will in no way change the negligible or non-existent risk of flight.

Importantly, the Court's conditions of release have ensured Mr. Aviss's appearance in this district. On March 2, 2022, Mr. Aviss appeared for an in-person hearing before the Honorable Stanley Blumenfeld. ECF No. 86.

As the Court is well aware, Mr. Aviss has known about the potential of criminal charges for years and has not absconded. Mr. Aviss has traveled internationally for years despite knowing there possibly could be criminal charges emerging and returned every time. Mr. Aviss has shown to be completely responsive to criminal matters. Specifically,

Mr. Aviss hired a criminal defense attorney and provided documents in response to a subpoena back in 2015. Mr. Aviss has no prior criminal history, and he has no record of failing to appear before a court. Mr. Aviss's physical and medical conditions required additional care and are not suited for the closed quarters of a prison.

The government's reasons for opposing this modification are not founded in proof or in common sense. For example, despite the government's continued allegations that Mr. Aviss has money hidden away, it has <u>no proof</u> that Mr. Aviss has any resources oversees with which to abscond. Nor does the government's handwringing about the neighborhood rumors of loud music or parties have any weight as to the issue at hand—whether the requested modification somehow makes Mr. Aviss a "serious risk of flight." As Mr. Aviss has demonstrated throughout the time he has been on pretrial release, during the months he has stayed in constant contact with his supervising officers, and made a court appearance in person in this district, Mr. Aviss is not a flight risk. The requested modification is aimed at allowing him to continue obtained medical care in Santa Barbara County as necessary, still with the requirement that it be approved by U.S. Pretrial Services.

The Bail Reform Act's mandate that the Court impose "the least restrictive further condition, or combination of conditions," 18 U.S.C. § 3142(c)(1), (B), is no less true today as it was when the Court first granted Mr. Aviss's release in September 2021. But now, the Court has six-months of history showing that Mr. Aviss has not fled the country, has continued to stay in constant contact with his supervising officers, and that the conditions the Court set to "reasonably ensure" Mr. Aviss's appearance have done exactly that. There is no serious reason not to grant the requested relief.

//
//
//
//

## II. CONCLUSION

For the reasons stated above, Mr. Aviss respectfully requests that the terms of his pretrial release be modified to remove the requirement that he reside with his brother Dale Aviss.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: March 11, 2022     By  *s/Carel Alé*
Carel Alé
Deputy Federal Public Defender
Attorney for Defendant
DARRELL ARNOLD AVISS