CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CAREL ALÉ (Bar No. 283717)
(E-Mail: Carel_Ale@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5186
Facsimile: (213) 894-0081

Attorneys for Defendant
DARRELL ARNOLD AVISS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARRELL ARNOLD AVISS,

Defendant.

Case No. 21-CR-0303-SB-AGR

**DARRELL ARNOLD AVISS'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S OF MOTION FOR MODIFICAITON OF CONDITIONS OF RELEASE; EXHIBIT**

Indictment: 6/29/2021
PTC: 7/12/2022
Trial Date: 7/26/2022
Last Day: 7/26/2022

**Hearing Date: April 8, 2022**
**Time: 8:00 a.m.**

//

//

//

//

//

Darrell Arnold Aviss, by and through his counsel of record Deputy Federal Public Defender Carel Alé, hereby files this reply to the government's opposition to Mr. Aviss's motion for a modification to the terms of his pretrial release, (ECF No. 107.)

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: April 1, 2022

By *s/Carel Alé*

Carel Alé
Deputy Federal Public Defender
Attorney for DARRELL ARNOLD AVISS

# I. MEMORANDUM OF POINTS AND AUTHORITIES

## A. Introduction

The government's opposition attempts to distract the Court from the Bail Reform Act's mandate that conditions of release be the *least restrictive* conditions necessary to reasonable assure a defendant's appearance. The government's position lacks any basis in the law or commonsense and instead relies principally on irrelevant neighborhood muckraking. The Court should reject the government's request that it wade through years-old neighborhood mudslinging; it is a waste of the Court's time and irrelevant to the only issue that matters in evaluating this request: does the requested modification make it less likely that Mr. Aviss will appear before the Court? The requested modification does not and the Court should reject the government's position wholesale and grant the requested relief.

For *years*, Mr. Aviss has known of and been responsive to these allegations. In 2015, Mr. Aviss, through prior retained counsel, was in contact with the FBI and the USAO Chicago office. In 2019, Mr. Aviss, through prior counsel, was in touch with AUSA Monica Tait. Since September 14, 2021, Mr. Aviss has been on pretrial release pursuant to a $200,000 property bond and in constant contact with his supervising officers. He has no criminal history and no failures to appear. He has no violations of the terms of his pretrial release. He has not committed any new offenses or been arrested. Mr. Aviss has been in Santa Barbara for stretches of time, with the approval of U.S. Pretrial Services, to take care of his medical needs and consult with legal counsel on civil matters. Mr. Aviss's conduct during approximately six-months of pretrial release—new information that the Magistrate Court could not have considered when setting bond—demonstrates that the condition that he reside with his brother is not necessary to ensure his appearance in this district. The requested minor modification leaves in place the high property bond, Mr. Aviss's brother as a third-party custodian, GPS monitoring, travel restricted to the Central District of California, residing as approved by U.S. Pretrial

Services, restricting the transfer of assets, his passport in the custody of U.S. Pretrial, and every other condition that has ensured Mr. Aviss's appearance thus far. The government puts forth no reason why the requested modification increases the risk of flight. The simple answer is that it does not.

Mr. Aviss respectfully asks the Court to grant the requested modification.

**B. Argument**

**1. The Bail Reform Act Mandates the Least Restrictive Conditions**

Under 18 U.S.C. § 3142(b) of the Act, a defendant must be released on personal recognizance or unsecured personal bond unless the "judicial officer" determines "that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any person of the community." Under the Act, a "judicial officer" may be a federal appellate, district, or magistrate judge. 18 U.S.C. § 3156(a), (b)(1). *See* Fed. R. Crim. P. 1(b)(3).

Under section 3142(c), if the judicial officer determines that release of a defendant on personal recognizance or unsecured bond presents a risk of the defendant's nonappearance or a danger to any person or to the community, the judicial officer may impose additional conditions of release. The judicial officer must choose "the least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b), (c)(1)(A), (B). The statute includes a list of thirteen possible conditions of release that courts may impose in appropriate cases; it also empowers courts to impose "any other condition that is reasonably necessary" to ensure appearance and protection of the community. *Id.* § 3142(c)(B)(xiv).

"The judicial officer may at *any time* amend the order to impose additional or different conditions of release." *Id.* § 3142(c)(3) (emphasis added).

**2. Aviss's Conduct on Pretrial Release Evidences that Less Restrictive Conditions Will Still Reasonably Ensure His Appearance**

The Court today has new information that the Magistrate Court did not and could not have considered when it set the conditions of release—evidence of six-months of Mr. Aviss's conduct while on pretrial release. This evidence demonstrates that Mr. Aviss will appear when requested by the Court or the U.S. Pretrial Services Officer, is vigilant about his communications with U.S. Pretrial Services supervising officers, and is responsive to GPS monitoring. This evidence can appropriately be considered by the Court now. 18 U.S.C. § 3142(c)(3).[1]

"When defendants establish that they will abide by their obligation to appear in court, logic dictates that the justification for imposing the existing release conditions lessens." *United States v. Hutchins*, 298 F.Supp.3d 1205, 1208 (E.D. Wis. 2017). "Put differently, if the Bail Reform Act requires no more than the least restrictive conditions needed to reasonably assure the defendant's appearance, then consistent compliance with existing conditions counsels in favor of reducing their severity on the theory that lesser conditions will suffice." *Id.* That is certainly the case here. Mr. Aviss has shown that he is not a flight risk. He can and has complied with the conditions of his release. Logic in this case dictates that the justification for imposing the same conditions no longer applies and the requested modification is appropriate.

The risk of flight here is already remote. Mr. Aviss knew of the risk of criminal prosecution for years, complying with subpoenas when issued and hiring a criminal defense attorney to correspond with USAO and AUSA Tait specifically. This is evidence that there was and continues to be no serious risk of flight. *See, e.g.*, *United States v. Williams*, 1988 WL 23780, at *1 (N.D. Ill. Mar. 8, 1988) (defendant who made regular state court appearances in the past deemed not a serious flight risk). Moreover, the

---

[1] Despite the government's allegation that the requested modification is procedurally improper, (Op. at 3), 18 U.S.C. §3142(c)(3) allows the Court to amend or impose additional or different conditions "at any time."

condition of GPS monitoring and a significant property bond are more than sufficient to secure Mr. Aviss's presence and safety to the community. Scholars and courts agree that electronic monitoring is especially effective at reducing risk of flight. *See, e.g.*, Samuel R. Wiseman, *Pretrial Detention and the Right to the Monitored*, 123 Yale L. J. 1344, 1347–48 (2014) ("Increasingly sophisticated remote monitoring devices have the potential to sharply reduce the need for flight-based pretrial detention . . . . [T]he question of finding other ways of ensuring a non-dangerous defendant's presence at trial is one not of ability, but of will. . . ."); *id.* at 1368–74 (citing studies in both European and American contexts to demonstrate that electronic monitoring is at least as effective as secured bonds at deterring flight, and that it comes at far reduced cost to both the defendant and the government); *United States v. O'Brien*, 895 F2d 810, 814-16 (1st Cir 1990) (describing reduction in flight rate from monitoring program and concluding that "evidence concerning the effectiveness of the bracelet alone [] arguably rebuts the presumption of flight").

The requested modification is not only unnecessary to ensure Mr. Aviss's appearance before this Court (the only consideration that matters for this request) but it will allow Mr. Aviss to obtain and receive medical attention as necessary. Mr. Aviss is a 64 year old man with diabetes, cardiomyopathy, and kidney failure. Ex. A (filed under seal). Mr. Aviss requires medical care and he should have the liberty to seek and receive that medical care as determined by his medical providers. While the government, who is not a medical authority whatsoever, believes that Mr. Aviss's medical conditions are not "extraordinary," (ECF No. 107 ("Op.") at 7), Mr. Aviss does not need to show "extraordinary" medical need or quantify his medical appointments, (*id.*), to obtain the requested modification. The government cites nothing in support of its assertions otherwise. It is enough that this restriction is unnecessary to reasonably ensure Mr. Aviss's appearance before this Court for the Court to grant the requested modification. 18 U.S.C. § 3142.

The government's opposition also fails to explain why it believes removing the condition that Mr. Aviss reside with his brother will make it less likely that he will appear before the Court. (*See, generally*, Op.) Nor does it explain why allowing Mr. Aviss the minimal freedom to travel and stay in Santa Barbara instead of living with his brother in Orange County will somehow allow him to abscond. As was noted in the request to continue the March 1, 2022 hearing to a later time, Mr. Aviss was coming from medical appointments in Santa Barbara. (ECF No. 84.) In other words, the fact that Mr. Aviss did not stay with his brother at the time of the hearing did not prevent Mr. Aviss from appearing before the Court when required. This evidence alone demonstrates that the condition Mr. Aviss reside with his brother is not necessary to "reasonably ensure" his appearance. *See* 18 U.S.C. §3142. Further, the government fails to explain why allowing Mr. Aviss to reside as approved by U.S. Pretrial Services—an agency who Mr. Aviss is in constant contact and who is monitoring his locations—would not sufficiently continue to address flight risk. The government's opposition ignores the task at hand and attempts to confuse the relevant issues without providing a logical basis for its opposition to this minor modification.

Because the condition that Mr. Aviss reside with his brother is flatly unnecessary to ensure Mr. Aviss's appearance before this Court, there are less restrictive conditions than those currently in place to ensure Mr. Aviss's appearance. And this minor adjudgment leaves in place significant conditions. Mr. Aviss's brother will still remain a third-party custodian,[2] the $200,000 property bond remains, Mr. Aviss does not have travel documents, and no funds with which to abscond. The government's opposition is completely bereft of any reason why this condition is necessary to prevent flight. As one court put it in evaluating the Bail Reform Act's predecessor statute, "[t]he task in setting conditions of release consists exclusively of ascertaining the least onerous conditions

---

[2] Mr. Aviss has also secured another person who resides in Santa Barbara to be a third party custodian should the Court believe that a custodian in Santa Barbara is also necessary.

'which will reasonably assure the appearance of the person for trial.'" *United States v. Melville*, 306 F.Supp. 124, 126 (S.D.N.Y. 1969) (citing 18 U.S.C. § 3146, §3142's predecessor statute). The government's insistence on keeping an unnecessary condition is not aimed at ensuring his appearance but is an attempt to punitively impose an onerous condition on someone the government has already determined is guilty, regardless of what a jury ultimately decides. Mr. Aviss stands before the Court still an innocent man and by statute, the restrictions on his liberties are only aimed at ensuring his appearance before this Court.

Instead of focusing on risk of flight, and again without citation or support, the government expends most of its attention on issues that have no relevance to the Court's statutory considerations. Mr. Aviss' alleged issues with his neighbors[3] or even social life so long as they are not criminal are not contemplated by the statute. The government does not cite to any support saying otherwise. The government's interest for the intrigue of Santa Barbara's homeowner's association is irrelevant to whether the requested modification makes Mr. Aviss more of a flight risk. Similarly, the mortgage or rent payments of the home Mr. Aviss stays in when he is in Santa Barbara, (Op., Decl. of Monica E. Tait at ¶5), have no bearing on whether the requested modification will make it more likely for him to flee. Again, the government fails to explain or provide support as to why it would. Perhaps that is because the status of the mortgage simply lacks any rational connection to the Court's determination about Mr. Aviss's risk of flight. The government can, as it apparently is attempting to do, try to force the bank's foreclosure of the home but the government provides no basis as to why that is irrelevant to this request. *Cf. United States v. Velez*, 693 F.2d 1081, 1084 (11th Cir. 1982) ("Enrichment

---

[3] While the Court may consider hearsay in determining issues of bond, the Court must still evaluate the credibility of that hearsay. *See, e.g.*, *United States v. Lee*, 156 F.Supp.2d 620, 624 (E.D. La. 2001) (accepting hearsay where the court "f[ound] that the testimony presented before him at the May detention hearing was credible"). Here, the hearsay evidence from disgruntled neighbors who clearly have an ax to grind lacks indicia of credibility.

of the government is not the relevant purpose of a bail bond. On the contrary, the true object of a bond is to secure the presence of the defendant.") (citation omitted).

Mr. Aviss has demonstrated throughout his time on pretrial release that there are less restrictive conditions that can reasonably ensure his appearance before the Court. 18 U.S.C. §3142. The requested modification provides a minor expansion of liberty. Mr. Aviss will continue to be on GPS monitoring, on release pursuant to a $200,000 bond secured by his brother's home, with no travel documents, and his travel restricted to this District. The government fails to explain how the requested modification increases the risk of flight. The clear answer is that it does not. The Court should focus its analysis on exactly what the statute calls for—the least restrictive conditions to ensure Mr. Aviss's appearance before the Court—and grant the requested relief.

## II. CONCLUSION

For the reasons stated above and in Mr. Aviss's Motion for Modification of Conditions of Release (ECF No. 84), Mr. Aviss respectfully requests that the terms of his pretrial release be modified to remove the requirement that he reside with his brother Dale Aviss.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: April 1, 2022

By *s/Carel Alé*

Carel Alé
Deputy Federal Public Defender
Attorney for Defendant
DARRELL ARNOLD AVISS