1   James L. Hudgens (SBN 95143)
    LAW OFFICE OF JAMES L. HUDGENS
2   15 West Carrillo Street, Suite 220
    Santa Barbara, California 93101
3   Telephone (805) 564-7802
4   Facsimile (805) 560-7304

5   Raymond Chandler (SBN 217827)
    LAW OFFICE OF RAYMOND CHANDLER
6   15 W. Carrillo Street, Suite 220
    Santa Barbara, CA 93101
7   Telephone (805) 965-1999
8   Facsimile (805) 962-0722

9   Attorneys for Plaintiffs

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**FEB 2 1 2013**

GARY M. BLAIR, Executive Officer
BY _Renee Bradley_ RB
RENEE BRADLEY, Deputy Clerk

10

11           **SUPERIOR COURT OF CALIFORNIA**

12             **COUNTY OF SANTA BARBARA**

13   JIMMIE THATEN, PHILIP LETZO,
    CAROL GIONFRIDDO, CAROLYNN
14   LOEPPKE, MACEY LEE ZARIT

    Case No: 1381201

15         Plaintiffs,

    Assigned to the Hon. Denise deBellefeuille

16

17   v.

    **DECLARATION OF RAYMOND CHANDLER IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER VACATING CONDITIONAL SETTLEMENT AGREEMENT AND REINSTATING ACTION**

18   DARRELL AVISS, an Individual;
    SWISS MANAGEMENT GROUP, LTD,
19   a Foreign Corporation;
    SWISSGUARD INTERNATIONAL,
20   GmbH., a Foreign Corporation;
    INTER SWISS HOLDINGS GROUP,
21   LLC,  a California Business Entity;
    and DOES 1 through 25, Inclusive,

    Date: March 21, 2103
    Dept: 6
    Time: 9:30 a.m.

22

23         Defendants.

24

25

26

27

28

1

CHANDLER DECL. IN SUUPORT OF MOTION FOR AN ORDER VACATING CONDITIONAL
SETTLEMENT AND REINSTATING ACTION

USAOAVISS_00028169

## DECLARATION OF RAYMOND CHANDLER

I, Raymond Chandler, declare as follows,

1.      Attached hereto as **Exhibit A** is a true and correct copy of the Promissory Note dated January 26, 2008, issued by defendants to plaintiff Philip Letzo.

2.      Attached hereto as **Exhibit B** is a true and correct copy of the Complaint filed in this action on June 3, 2011.

3.      Attached hereto as **Exhibit C** is a true and correct copy of the Conditional Settlement Agreement.

4.      Attached hereto as **Exhibit D** is a true and correct copy of the Request for Dismissal filed in this action without prejudice on February 29, 2012.

5.      Attached hereto as **Exhibit E** is a true and correct copy of an email to defense counsel dated January 9, 2013, reminding defendants that the Letzo Note will mature in January 26, 2013.

6.      As of the filing date of this motion defendants have not made the required maturity payment to Philip Letzo due under the terms of his Note. Attached hereto as **Exhibit F** is a true and correct copy of a Notice of Default sent to defense counsel on January 31, 2013.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___ day of February, 2013, at Santa Barbara, California.

2

USAOAVISS_00028170

# PROMISSORY NOTE

Amount:  $100,000.00          Santa Barbara, California                    January 26, 2008

      For value received, Swiss Management Group, Ltd., a Jersey Channel Islands, Private Exempt Company ("Maker") promises to pay to Phil Letzo ("Holder"), at Santa Clarita, California, or at such other place as Holder may designate in writing, the principal sum of One Hundred Thousand Dollars ($100,000.00), plus interest on the outstanding principal amount at the rate set forth herein below.  Interest shall commence to accrue on the outstanding principal balance on January 26, 2008  and shall continue to accrue on the outstanding principal balance until paid in full.   To the extent applicable, interest shall be computed on a daily basis using a 365 day year.  During the term of this Note, Maker is not obligated to make any payment of interest which shall accrue on the outstanding principal balance. All unpaid and accrued interest shall be due with the outstanding principal on the maturity date of this Note. The maturity date for this Note  is January 26, 2013.   Maker reserves the right to pay any portion of principal or accrued  interest at any time without penalty.  The balance of principal and accrued unpaid interest represents the maximum amount that Holder is entitled to receive as payment under this Note. Except for the principal redemption payments described below, any payment made by Maker shall be credited first to accrued unpaid interest with the balance credited to principal and the principal shall be so reduced.  All payments shall be made in lawful money of the United States of America.

      This Note is a Currency-Linked Note and represents a recourse obligation of Maker. The interest payable on this Note shall be equal to an amount which is between 6.25% to 8.75% gross return (5.75% to 8.00% net of insurance costs) as determined by Maker on December 31st of each year when this Note is in effect depending on the established exchange value of the Swiss Franc against the United States Dollar on the determination date. Commencing on March 31, 2009, and by March 31st of each successive calendar year of this Note, Maker will provide a written statement to Holder reflecting the accumulated outstanding balance of principal and accrued interest, the payments made by Maker and the total amount due on this Note as of December 31 of  the  prior calendar year.

      At any time after January 26, 2011, and on an annual basis once per year thereafter, Holder has the right to redeem and require payment from Maker of an amount equal to ten percent (10%) of then outstanding principal balance due on this Note.  In the event of such payment, the principal balance shall be reduced accordingly.  Holder shall give Maker a prior written thirty (30) calendar day notice  requesting  such  redemption  and  payment from Maker. If proper notice is given, then such payment from Maker shall be due on the date which is thirty one (31) calendar days after service of the Notice on Maker by Holder.

      This Note, the obligations of Maker and the amounts due hereunder may not be assigned, transferred, sold, encumbered or conveyed in any manner whatsoever by Holder

USAOAVISS_00028172

at any time, except by operation of law or to a revocable living trust in which Holder is the trustee during his or her lifetime.  Any other attempted assignment, transfer, sale, encumbrance or conveyance shall be void and of no effect whatsoever.  This Note is personal to Holder and to no other person or entity.   This Note is a non-liquid and non-transferrable debt instrument.

Upon the default by Maker in any payment due hereunder or in any other obligation due under this Note, and at the sole option of Holder, the Holder may accelerate and declare that the entire amount of principal and all accrued and unpaid interest due on this Note is immediately due and payable.  Maker also agrees  to pay all court costs and the reasonable attorney's fees incurred by Holder if Holder engages or employs counsel to commence legal action for collection of this Note. Maker may repay all or any portion of the principal of this Note at any time, without penalty or prepayment charge,  provided that each such principal prepayment is accompanied by the  payment of all accrued and unpaid interest due on this Note at the time of the pre-payment.

This Note may not be altered, amended, modified, or extended except by a written instrument signed by Maker and Holder.


Swiss Management Group, Ltd.



By: _____
Darrell Aviss
Managing Director


-2-

USAOAVISS_00028173

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DARRELL AVISS, an Individual; SWISS MANAGEMENT GROUP, LTD, a
Foreign Corporation; SWISSGUARD INTERNATIONAL, GmbH., a Foreign
Corporation; INTER SWISS HOLDINGS GROUP, LLC, a California Business
Entity; and DOES 1 through 25, Inclusive.

F I L E D
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

JUN 0 3 2011

GARY M. BLAIR, Executive Officer
BY _____ Deputy Clerk
TERRI CHAVEZ, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JIMMIE THATEN, PHILIP LETZO, CAROL GIONFRIDDO, CAROLYNN
LOEPPKE, MACEY LEE ZARIT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| | 1381201 |

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Barbara Superior Court
1100 Anacapa Street
P. O. Box 21107
Santa Barbara, CA 93121-1107

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*   805-564-7802
Raymond Chandler, Esq./James L. Hudgens
15 W. Carrillo Street, Suite 220
Santa Barbara, CA 93101

GARY M. BLAIR, EXECUTIVE OFFICER

DATE: JUN 0 3 2011          Clerk, by    TERRI CHAVEZ    , Deputy
*(Fecha)*                    *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

USAOAVISS_00028175

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| RAYMOND CHANDLER<br>James L. Hudgens (SBN 95143)<br>Raymond Chandler (SBN 217827)<br>15 W. Carrillo Street, Ste. 220<br>Santa Barbara, CA 93101<br>TELEPHONE NO.: 805-564-7802   FAX NO. *(Name)*: 805-560-7304<br>ATTORNEY FOR *(Name)*:   Plaintifs | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SANTA BARBARA<br>JUN 0 2 2011<br>GARY M. BLAIR, Executive Officer<br>BY _____<br>TERRI CHAVEZ, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: P. O. Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
BRANCH NAME: Anacapa Division

CASE NAME:   THATEN, et al. v. DARRELL AVISS, etc., et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 1381201<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [ ] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date:  June   2   , 2011

RAYMOND CHANDLER
_____                          _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**   Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

USAOAVISS_00028176

1  James L. Hudgens (SBN 95143)
   LAW OFFICE OF JAMES L. HUDGENS
2  15 West Carrillo Street, Suite 220
   Santa Barbara, California 93101
3  Telephone (805) 564-7802
   Facsimile (805) 560-7304
4
5  Raymond Chandler (SBN 217827)
   LAW OFFICE OF RAYMOND CHANDLER
6  15 W. Carrillo Street, Suite 220
   Santa Barbara, CA 93101
7  Telephone (805) 965-1999
   Facsimile (805) 962-0722
8
9  Attorneys for Plaintiffs
10
11              SUPERIOR COURT OF CALIFORNIA
12                COUNTY OF SANTA BARBARA

                                              1381201

13  JIMMIE THATEN, PHILIP LETZO,
14  CAROL GIONFRIDDO, CAROLYNN
    LOEPPKE, MACEY LEE ZARIT          COMPLAINT FOR COMPENSATORY AND
15                                    PUNITIVE DAMAGES
16          Plaintiffs,
                                      1. NEGLIGENCE
17  v.                                2. NEGLIGENT MISREPRESENTATION
                                      3. INTENTIONAL MISREPRESENATION
18  DARRELL AVISS, an Individual;     4. BREACH OF FIDUCIARY DUTY
    SWISS MANAGEMENT GROUP, LTD,      5. AIDING AND ABETTING BREACH OF
19  a Foreign Corporation;               FIDUCIARY DUTY
    SWISSGUARD INTERNATIONAL,         6. COLLUSION
20  GmbH., a Foreign Corporation;     7. BREACH OF CONTRACT
    INTER SWISS HOLDINGS GROUP,       8. NEGLIGENT HIRING AND RETENTION
21  LLC,  a California Business Entity; 9. VIOLATION OF CALIFORNIA BUSINESS
    and DOES 1 through 25, Inclusive,    AND PROFESSIONS CODE §17200 *et seq.*
22                                    10. CONVERSION
                                      11. ELDER ABUSE
23          Defendants.
24                                    DEMAND FOR JURY TRIAL
25
26
27
28

                                    1
           COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

## THE PARTIES

**Plaintiffs**

1.    Plaintiff JIMMIE THATEN ("Thaten") is an individual who at all times relevant herein was a resident of Santa Barbara County, California.

2.    Plaintiff PHILIP LETZO ("Letzo") is an individual who at all times relevant herein was a resident of Los Angeles County, California.

3.    Plaintiff CAROL GIONFRIDDO ("Gionfriddo") is an individual who at all times relevant herein was a resident of Santa Barbara County, California.

4.    Plaintiff CAROLYNN LOEPPKE ("Loeppke") is an individual who at all times relevant herein was a resident of Nevada County, California.

5.    Plaintiff MACEY LEE ZARIT is an individual who at all times relevant herein was a resident of the State of Texas.

**Defendants**

6.    Defendant DARRELL AVISS ("Aviss") is an individual who at all times relevant herein was a resident of Santa Barbara County, California, and who until December 31, 2010 was an insurance producer licensed by the California Department of Insurance under License No. 0633124. Plaintiffs are informed and believe that at all times mentioned herein Aviss was, and is, the owner and managing director/principal officer of defendants Swiss Management Group Ltd., Inter Swiss Holdings Group LLC and SwissGuard International GmbH. In his above capacity Aviss was and is in the business of selling and managing financial investments.

7.    Defendant SWISS MANAGEMENT GROUP, LTD ("SMG") represents its headquarters to be in Jersey, Channel Islands, Europe. Plaintiffs are informed and believe that at all times relevant herein SMG's principal place of business was and is in the City of Santa Barbara at112 El Paseo, Santa Barbara, CA 93101, and that at all times relevant herein SMG conducted business in the entire United States, including the County of Santa Barbara, from that location. Plaintiffs are informed and believe that at all times relevant hereto SMG was and is in the business of providing financial advice and selling and/or managing financial investments.

8.    Defendant SWISSGUARD INTERNATIONAL GmbH ("SwissGuard") represents itself

2

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028178

1  to be a foreign corporation with headquarters in Zurich, Switzerland.  Plaintiffs are informed and

2  believe that at all times relevant herein SwissGuard's principal place of business was and is in

3  the City of Santa Barbara at 112 El Paseo, Santa Barbara, CA 93101, and that at all times relevant

4  herein SwissGuard conducted business in the entire United States, including the County of Santa

5  Barbara, from that location.  Plaintiffs are informed and believe that at all times relevant hereto

6  SwissGuard was and is in the business of selling and/or managing annuities and other financial

7  investments.

8  9.        Defendant INTER SWISS HOLDINGS GROUP, LLC, ("InterSwiss") is and at all times

9  relevant herein was a California Business entity that maintained an office and did business in the

10 City of Santa Barbara at 112 El Paseo, Santa Barbara, CA 93101, and that at all times relevant

11 herein InterSwiss conducted business in the entire United States, including the County of Santa

12 Barbara, from that location.  Plaintiffs are informed and believe that at all times relevant herein

13 Inter Swiss acted in the capacity of a holding company for SMG and/or SwissGuard

14 International.   Plaintiffs are informed and believe that at all times relevant herein Inter Swiss

15 provided, among other things, banking services to the other defendants.

16 10.      The true names and capacities, whether individual, corporate, associate, representative, or

17 otherwise, of Defendants named herein as DOES 1 through 25 are unknown to Plaintiffs at this

18 time, and they are therefore sued by such fictitious names pursuant to California Code of Civil

19 Procedure §474.   Plaintiffs seek leave to amend this Complaint to allege the true names and

20 capacities of the DOE Defendants when Plaintiffs know them.  Each of the Defendants named in

21 this Complaint, including the DOE Defendants, are legally responsible in some manner for the

22 violation of law hereinafter alleged.

23 11.      At all times herein mentioned, each of the Defendants was the agent and/or employee of

24 each of the remaining Defendants, and in doing the acts charged in this Complaint were acting

25 within the scope of such agency and/or employment.  Furthermore, the acts alleged herein were

26 authorized, ordered, or done by their officers, agents, employees, or representatives, while

27 actively engaged in the management of the Defendants' businesses and/or affairs and while

28 acting with real and/or apparent authority of the defendants.

3

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028179

## JURISDICTION AND VENUE

12.    Venue is proper in this county under California Business and Professions Code §17203 and California Code of Civil Procedure §§395(a) and 395.5.  The Defendants, and each of them, transact business in and may be found within Santa Barbara County.  Defendant Aviss resides and conducts business in Santa Barbara County.  Defendants SMG, SwissGuard and InterSwiss maintain offices and conduct business in Santa Barbara County.  Defendant Aviss is an owner, officer and/or managing director of SMG, SwissGuard and InterSwiss.

13.    Defendants, and each of them, are within the jurisdiction of this Court.  Defendants transact millions of dollars of business in the State of California through, among other things, providing financial advice and the sale of financial investments.  Defendants have enjoyed the benefits of transacting business in the State of California.

14.    Plaintiffs assert no claims arising under federal law.  Plaintiffs' causes of action are based solely on California law.

## FACTUAL ALLEGATIONS

15.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

16.    In or about August 2007, the California Department of Insurance ("CDI") opened an investigation into the conduct of David J. Abraham regarding his employment as an insurance agent with Montgomery Fansler Carlson & Valois Insurance ("MFC&V") and his subsequent employment as an insurance agent with Brown & Brown of California ("Brown & Brown") after Brown & Brown purchased MFC&V.

17.    On July 9, 2009, Abraham pled guilty to, and was convicted of, theft from sixty victims, including the plaintiffs named herein, through the unauthorized sale and transferring of annuities.  Essentially, Abraham had churned the victim's annuities thereby causing them to suffer significant surrender charges and loss of value, while reaping huge commissions for himself, MFC&V and Brown & Brown.

In November 2007 Abraham was fired by Brown & Brown.  By January, 2008, Abraham had been hired by Aviss as a sales agent for SMG and SwissGuard.

USAOAVISS_00028180

18.    Plaintiffs are informed and believe that Aviss and Abraham were longstanding business associates and friends at the time that Aviss hired Abraham, and that they had worked together for many years prior to the creation of the defendant companies.

19.    Plaintiffs are informed and believe that from the beginning of his employment by Aviss, Abraham was made a Partner at SMG and SwissGuard.  Plaintiff are further informed and believes that Aviss, SMG, InterSwiss and SwissGuard and the Doe defendants (collectively "the defendants") provided Abraham with office space, clerical and telephone services in their office located in Santa Barbara, as well as business cards and promotional material such that members of the general public believed that defendant Abraham was a Partner at SMG and SwissGuard.

20.    Plaintiffs are informed and believe and thereon allege that at the time the defendants provided Abraham with said office space, clerical and telephone services, promotional material and business cards, the defendants knew or should have known that Abraham was under investigation by the CDI.

21.    At the time that the relevant events described herein occurred, each of the plaintiffs had a longstanding business relationship with Abraham of between ten and forty years and were unaware that Abraham had performed any illegal activities in the past, and based on their longstanding relationship placed and continued to place their trust and confidence in Abraham regarding their financial investments.

22.    In or about January, 2008, while employed by the defendants, Abraham contacted each of the plaintiffs and told them that he was no longer with Brown & Brown and was now employed by SMG and that he had a new investment he wished to discuss with them.

23.    Between January and April, 2008, each of the plaintiffs met with Abraham and in some cases with Aviss as well, at the defendants' office in Santa Barbara.  At those meetings Abraham provided the plaintiffs with business cards.  One card had the company name "SwissGuard International" printed on its face, as well as the address, phone and fax numbers and email addresses for SwissGuard's alleged corporate headquarters in Switzerland.  A second business card had the company name "Swiss Management Group, Ltd" printed on its face, as well as the address, phone and fax number for SMG's Santa Barbara office.  Both cards had the name

5

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

1   "David Abraham" printed on their face and identified Abraham's title as "Partner."

2   24.     Abraham, and in some cases Aviss as well, also provided to each plaintiff a brochure

3   titled "The SwissGuard Solution." The brochure described SwissGuard's products as Life

4   Insurance and Annuities.

5   25.     Abraham, as an agent and Partner of SMG and SwissGuard, used his established

6   relationship of trust and confidence with the plaintiffs to convince them to surrender their

7   existing investments - often annuities that Abraham had previously sold to the plaintiffs - and

8   buy what he represented to each of the plaintiffs was an annuity offered by SwissGuard. In fact,

9   the investment was not an annuity; it was a loan of money by each plaintiff to SMG in return for

10  the promise of accrued interest. The documents provided by defendants to plaintiffs referred to a

11  Promissory Note ("the Note") that allegedly evidenced and secured the loan. However, none of

12  the five plaintiffs received the Note at the time they made their loan to SMG (which they actually

13  believed was the purchase of a SwissGuard annuity). Plaintiffs were not provided with the Note

14  until over two years after they made the loan to SMG when their attorneys demanded copies of

15  the Note.

16  26.     At their meeting with Abraham (and in some cases with Aviss as well), or by mail,

17  Abraham provided each plaintiff with a document titled "Investment Memorandum" ("the

18  Memorandum"). Among other things, the Memorandum stated that:

19          (a)   "The Company" (SMG) was offering its own "Currency-Linked Notes" for sale at

20  $100,000.00 per Note;

21          (b)   "The Notes will be secured by a company guarantee";

22          (c)   "The Notes will pay Gross Returns of 6.25% to 8.75%....over the term of the

23  Note."

24          (d)   "Subscribers will have their principal guaranteed from the potential of the falling

25  dollar";

26          (e)   "Subscribers will have anticipated asset protection and tax deferral...."

27  27.     In their meetings and communications with Abraham and/or Aviss each plaintiff was

28  assured that they were purchasing a Swiss annuity that would pay guaranteed interest and that

---

6

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028182

1    said interest would make up for surrender charges incurred on the sale of their prior annuity or

2    investment. Abraham also assured each plaintiff that the new annuity involved no financial risk.

3    28.    Abraham and Aviss intended that Plaintiffs rely on, and plaintiffs did rely on, these

4    representations when deciding whether or not to surrender their existing annuities or other

5    investment and purchase the replacement annuity from SwissGuard.

6    29.    At or shortly after their meeting with Abraham and/or Aviss, each plaintiff signed the

7    actual contract document titled "Swiss Management Group Ltd, Subscription Agreement" ("the

8    SMG Subscription"). Appearing on the header at the top of the SMG Subscription was the

9    SwissGuard International logo, with the name SwissGuard International under the logo. Directly

10    below the logo and across the entire page appeared the phrase "The SwissGuard Solution."

11    30.    After entering into the SMG Subscription each plaintiff paid a sum of money to SMG or

12    to Inter Swiss to purchase what they believed was a SwissGuard annuity. Letzo, Gionfriddo and

13    Zarit each invested $100,000.00. Thaten invested $140,000.00 and Loeppke invested

14    $150,000.00.

15    31.    Since their initial investment, each plaintiff has received from Aviss and SMG yearly

16    notices stating the specific amount of interest their investment has allegedly accrued.

17    32.    In 2008, after the plaintiffs learned that Abraham had been charged with theft by the

18    Santa Barbara County District Attorney, they inquired of Aviss as to the safety of their SMG

19    investments and were assured by Aviss that their investments were safe.

20    33.    In 2010 Aviss represented to the plaintiffs that, contrary to what they believed - and in

21    some cases contrary to what he originally represented - their money had not been invested in an

22    annuity but was being safely held in the Swiss equivalent of a certificate of deposit in UBS Bank

23    in Switzerland, in an account under the name of SMG. Aviss also represented to plaintiffs that

24    their money is earning interest and has earned interest in the amounts on the statements he

25    provided.

26    34.    The Memorandum also stated that the investment was for a term of five years but that an

27    investor "may redeem 10% of the principal after 3 (three) years with a 30 day written notice."

28    The SMG Subscription signed by each plaintiff did not contain either of the above terms.

7

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028183

35.     On or about the third anniversary of their investment each plaintiff provided Aviss and SMG with a written notice to redeem ten percent of their principal.  Plaintiffs Letzo and Loeppke received their 10% payments timely.  Plaintiff Thaten received his 10% payment approximately one week late.   Plaintiff Gionfriddo's 10% payment was due to be made on April 24, 2011. Plaintiff Zarit's 10% payment was due on or about May 21, 2011.  Neither Gionfriddo nor Zarit have received their payment as of the date of the filing of this Complaint.

36.     Plaintiffs are informed and believe and thereon allege that the money they invested in SMG:

    (a)     Was not used to purchase a Swiss annuity as represented by Abraham and in some cases by Aviss,

    (b)     Was not deposited in any type of certificate of deposit in UBS Bank in Switzerland,

    (c)     Is not currently held in type of certificate of deposit in UBS Bank in Switzerland,

    (d)     Is not earning and has not earned the interest stated on the yearly statements produced by Aviss and SMG,

    (e)     Has been used by Aviss and the other defendants as personal or operational funds, and,

    (f)     Has been completely or partially dissipated.

### FIRST CAUSE OF ACT - NEGLIGENCE

#### (All Plaintiffs Against All Defendants)

37.     Plaintiffs repeat and incorporate by reference each and every allegation set forth in the preceding paragraphs.

38.     Defendants owed plaintiffs a duty of due care to handle their entrusted funds.

39.     Plaintiffs are informed and believe and thereon allege that the money they invested in SMG: (a) was not used to purchase a Swiss annuity as represented by Abraham and in some cases by Aviss, (b) was not deposited in type of certificate of deposit in UBS Bank in Switzerland, (c) is currently not held in type of certificate of deposit in UBS Bank in Switzerland, (d) is not earning and has not earned the interest stated on the yearly statements

8

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

1  produced by SMG, (e) has been used by Aviss and the other defendants as personal or

2  operational funds, and, (f) has been completely or partially dissipated.

3  40.    Defendants breached their duties owed to plaintiffs by negligently engaging in

4  transactions that has caused them to suffer monetary loss.

5  41.    It was reasonably foreseeable to defendants that plaintiffs would be damaged by the

6  surrender of their then existing annuities or liquidation of other investment, which funds were

7  then used to invest in SMG, and by the failure of defendants to invest plaintiffs' funds in a Swiss

8  annuity and/or deposit plaintiffs' funds in a risk free certificate of deposit type account in UBS

9  Bank, wherein the promised and stated interest would be earned.

10  42.    As a direct and proximate result of defendants' negligence, plaintiffs suffered damages in

11  excess of the jurisdictional limit of this Court, the exact amount to be proven at trial.

12  43.    In continually assuring the plaintiffs from early 2008 to the present that their investments

13  are safe, Aviss ratified the conduct of Abraham both personally and in his capacity as Abraham's

14  employer.

15  <u>SECOND CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION</u>

16  **(All Plaintiffs Against All Defendants)**

17  44.    Plaintiffs repeat and incorporate herein by reference each and every allegation set forth in

18  the preceding paragraphs.

19  45.    Abraham, and in some cases Aviss, represented to plaintiffs that they were investing in a

20  Swiss annuity, that the investment was safe, that their investment would earn a guaranteed

21  interest of 6.25% to 8.75%, that said interest rate would offset the surrender charge on the

22  annuity or other investment that was liquidated to raise the funds needed to invest with SMG.

23  46.    Plaintiffs are informed and believe and thereon allege that the above stated

24  representations of fact were not true.

25  47.    Plaintiffs are informed and believe and thereon allege that Abraham and Aviss had no

26  reasonable basis for believing that these representations were true, yet made these

27  representations to plaintiffs nonetheless.

28  48.    Plaintiffs are informed and believe and hereon allege that Abraham and Aviss intended

9

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028185

1  that plaintiffs rely on these representations when deciding whether or not to surrender their

2  annuities or other investment and invest in SMG.  In fact, plaintiffs did rely on Abraham's and/or

3  Aviss's negligent representations and were harmed by incurring surrender charges and lost

4  interest for the surrender of annuities or other investments, by incurring a substantial or total loss

5  of their principal investment, and by their investment in SMG not earning the interest reported in

6  the yearly statements provided to plaintiffs by Aviss and SMG.

7  49.    Plaintiffs are informed and believe that at the time that Abraham made the negligent

8  misrepresentations alleged herein, he was acting in the course and scope of his agency and

9  partnership with the other defendants and those defendants knew, or should have known, that

10  Abraham was making negligent misrepresentations to the plaintiffs.

11  50.    Plaintiffs' reliance on Abraham's and/or Aviss's negligent representations was a

12  substantial factor in causing plaintiffs' damages as alleged herein.

13  51.    As a result of Abraham's and/or Aviss's negligent misrepresentations, plaintiffs were

14  damaged in an amount exceeding the jurisdictional limit of this court, the exact amount to be

15  proven at trial.

16  **THIRD CAUSE OF ACTION - <u>INTENTIONAL MISREPRESENTATION</u>**

17  **(Against All Defendants)**

18  52.    Plaintiffs repeat and incorporate herein by reference each and every allegation set forth in

19  the preceding paragraphs.

20  53.    Abraham, and in some cases Aviss, represented to plaintiffs that they were investing in a

21  Swiss annuity, that the investment was safe, that their investment would earn guaranteed interest

22  at a rate of 6.25% to 8.75%, that said interest rate would offset the surrender charge on the

23  annuity that was surrender in order to make the investment with SMG.

24  54.    Plaintiffs are informed and believe and thereon allege that the above stated

25  representations of fact were not true.

26  55.    Plaintiffs are informed, believe and thereon allege that Abraham and/or Aviss's knew that

27  these representations were false when he made them, but either intentionally or with reckless

28  disregard for the truth, made them to plaintiffs.

10

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028186

56.     Plaintiffs are informed, believe and thereon allege that Aviss instructed and encouraged Abraham to make the above stated representations.

57.     Plaintiffs are informed and believe and hereon allege that Abraham and Aviss intended that plaintiffs rely on these false representations when deciding whether or not to surrender their annuities or other investment and invest in SMG.  In fact, plaintiffs did rely on Abraham's and/or Aviss's intentional misrepresentations and were harmed by incurring surrender charges and/or loss of interest for surrender of annuities or other investment, by their investment in SMG not earning the guaranteed interest reported in the yearly statements, and by substantial or total loss of their principal investment.

58.     Plaintiffs' reliance on Abraham's and/or Aviss's intentional misrepresentations was a substantial factor in causing plaintiffs' damages as alleged herein.

59.     As a result of Abraham's and/or Aviss's intentional misrepresentations, plaintiffs were damaged in an amount exceeding the jurisdictional limit of this court, the exact amount to be proven at trial.

60.     Plaintiffs are informed and believe that the intentional misrepresentations made by Abraham as alleged herein were made in the course and scope of Abraham's agency and partnership with the other defendants, and those defendants knew, or should have known, that Abraham was making false representations to plaintiffs and that by accepting the investment monies from plaintiffs and using that money in a manner inconsistent with the representations made to plaintiffs by Abraham, the other defendants ratified his tortious conduct.

61.     The actions of defendants as alleged herein above were done willfully, intentionally and with conscious disregard for plaintiffs' rights, and an award of punitive damages against all defendants is warranted.

### FOURTH CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY

#### (All Plaintiffs Against All Defendants)

62.     Plaintiffs repeat and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

63.     Based on the relationship of insurance agent/financial advisor between plaintiffs and

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028187

1 | Abraham, and the relationship of trust and confidence Abraham solicited and encouraged, and

2 | the trust and confidence that plaintiffs reposed in Abraham, Abraham was plaintiffs' agent with

3 | regards to their investments in SMG.

4 | 64.     As agent and financial advisor, Abraham was a fiduciary of plaintiffs and subject to the

5 | highest standard of good faith.  Abraham was precluded from obtaining any advantage over

6 | plaintiffs by virtue of the agency and fiduciary relationship.  Moreover, Abraham was charged

7 | with the duty of fullest disclosure of all material facts concerning transactions that might affect

8 | plaintiffs' decisions regarding surrendering their existing annuities or liquidating other

9 | investments and using those funds to invest in SMG.

10 | 65.     Plaintiffs are informed and believe and thereon allege that Abraham breached his

11 | fiduciary duties by, *inter alia*, making the negligent and intentional misrepresentations alleged

12 | herein above.

13 | 66.     As Partners and employers of Abraham, defendants also owed fiduciary duties to

14 | plaintiffs.  Plaintiffs are informed and believe and thereon allege that the defendants knew, by

15 | virtue of defendants' history of monitoring and supervising Abraham's transactions and the

16 | transactions that assisted Abraham in selling plaintiffs' annuities or other investments and

17 | investing in SMG, that Abraham made the material misrepresentations alleged herein.  In spite of

18 | that knowledge the defendants knowingly provided substantial assistance to Abraham in

19 | breaching his fiduciary duty to plaintiffs by, *inter alia,* continuing to provide Abraham with

20 | office space, clerical support, telephone and facsimile services, sales brochures and other

21 | documents related to the sale of SMG investments, access to local and overseas banking services,

22 | allowing defendant Abraham to continue to market himself as a Partner with the defendants and

23 | by assuring plaintiffs that their investments were safe.

24 | 67.     Defendants further breached their fiduciary duty to plaintiffs by making oral and/or

25 | written misrepresentations to plaintiffs and by ratifying the misrepresentations made by

26 | Abraham.   Such misrepresentations include that the initial investment was the purchase of a

27 | Swiss annuity and that the investment was safe and would earn a guaranteed interest

28 | 68.     Plaintiff are informed and believe that the defendants earned fees, commissions, cash

12

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028188

1  payments or other compensation based on their own wrongful conduct as well as the wrongful

2  conduct of Abraham alleged in this Complaint, and those fees, commissions, cash payments or

3  other compensation induced the defendants to continue to knowingly provide substantial

4  assistance to Abraham.

5  69.    Plaintiff are informed and believe that the defendants used plaintiffs' funds  for personal

6  or operational use resulting in the dissipation of all or part of plaintiffs funds.

7  70.    As a result of those breaches of fiduciary duties by Abraham and the defendants,

8  plaintiffs were damaged in an amount to be proven at trial.

9  71.    The conduct of the defendants in breaching their fiduciary duties to plaintiffs was

10  intentional, malicious and in conscious disregard of plaintiffs' rights, and justify an award of

11  punitive damages.

12  ### FIFTH CAUSE OF ACTION

13  ### AND AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY

14  **(All Plaintiffs Against Defendant Aviss Only)**

15  72.    Plaintiffs repeat and incorporate herein by reference each and every allegation set forth in

16  the preceding paragraphs.

17  73.    Based on the relationship of insurance agent and financial advisor between plaintiffs and

18  Abraham, and the relationship of trust and confidence Abraham solicited and encouraged, and

19  the trust and confidence that plaintiffs reposed in Abraham, Abraham was plaintiffs' agent with

20  regards to their investments in SMG.

21  74.    As agent and financial advisors, Abraham was a fiduciary of plaintiffs and subject to the

22  highest standard of good faith.  Abraham was precluded from obtaining any advantage over

23  plaintiffs by virtue of the agency and fiduciary relationship.  Moreover, Abraham was charged

24  with the duty of fullest disclosure of all material facts concerning transactions that might affect

25  plaintiffs' decisions regarding surrendering their existing annuities or other investment and

26  investing in SMG.

27  75.    Plaintiff are informed and believe and thereon alleges that Abraham breached his

28  fiduciary duties by, *inter alia*, making the negligent and intentional misrepresentations alleged

13

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028189

herein above.

76.   Plaintiffs are informed and believe and thereon allege that Avis knew, by virtue of his longtime association with Abraham, by being Abraham's Partner and employer and by his monitoring and supervision of Abraham's transactions and the transactions that assisted Abraham in selling plaintiffs' annuities or other investments and investing in SMG, that Abraham made the material misrepresentations alleged herein.  In spite of that knowledge Aviss knowingly provided substantial assistance to Abraham in breaching his fiduciary duty to plaintiffs by, *inter alia,* continuing to provide Abraham with office space, clerical support, telephone and facsimile services, sales brochures and other documents related to the sale of SMG investments, access to local and overseas banking services, allowing Abraham to continue to market himself as a Partner with the defendants, and by assuring plaintiffs that their investments were safe.

77.   Moreover, Aviss materially assisted Abraham by confirming his misrepresentations with his (Aviss's) own oral and/or written misrepresentations.

78.   Plaintiff are informed and believe that Aviss earned fees, commissions, cash payments or other compensation based on the wrongful conduct of Abraham alleged in this Complaint, and those fees, commissions, cash payments or other compensation induced Aviss to continue to knowingly provide substantial assistance to Abraham.

79.   As a result of these breaches of fiduciary duties by Abraham which were aided and abetted by Aviss, plaintiffs were damaged in an amount to be proven at trial.

80.   The conduct of Aviss in aiding and abetting Abraham's breaches of fiduciary duty to plaintiffs was intentional, malicious and in conscious disregard of plaintiffs' rights, and justify an award of punitive damages.

## SIXTH CAUSE OF ACTION – COLLUSION

### (All Plaintiffs Against All Defendants)

81.   Plaintiffs repeat and incorporate herein by reference each and every allegation in the preceding paragraphs.

82.   Plaintiffs are informed and believe that each of the defendants knew that Abraham had

14

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028190

1   the relationship of financial advisor and insurance agent with plaintiffs, that Abraham was

2   advising them regarding the sale of their annuities or other investment and their investments in

3   SMG, and that Abraham was making the misrepresentations to plaintiffs alleged above regarding

4   the sale of their annuities or other investments and investments in SMG.

5   83.   Plaintiffs are informed and believe that based on the knowledge held by the defendants

6   stated above, each of the defendants knew that Abraham owed fiduciary duties to plaintiffs and

7   that Abraham was breaching his fiduciary duties to them by making the false representation.

8   84.   Plaintiffs are informed and believe and thereon allege that the defendants knowingly

9   provided substantial assistance to Abraham in breaching his fiduciary duties owed to plaintiffs

10  by, *inter alia,* continuing to provide Abraham with office space, clerical support, telephone and

11  facsimile services, sales brochures and other documents related to the sale of SMG investments,

12  access to local and overseas banking services and allowing Abraham to continue to market

13  himself as a Partner with the defendants,

14  85.   Plaintiffs are informed and believe and thereon allege that in return for that substantial

15  assistance the defendants gained commissions, fees or other compensation.

16  86.   As a result of the collusion of each of the defendants with Abraham in his breaches of

17  fiduciary duty, plaintiffs were damaged in an amount to be proven at trial.

18  87.   The conduct of each of the defendants in colluding with Abraham in breaching his

19  fiduciary duties to the plaintiffs was intentional, malicious and in conscious disregard for the

20  rights of the plaintiffs, and justify an award of punitive damages.

21  <u>**SEVENTH CAUSE OF ACTION - BREACH OF CONTRACT**</u>

22  **(Plaintiffs Gionfriddo and Zarit Against Aviss and SMG)**

23  88.   Plaintiffs repeat and incorporate herein by reference each and every allegation in each of

24  the preceding paragraphs as though fully set forth herein.

25  81.   The Memorandum signed by each of the plaintiffs stated that an investor "may redeem

26  10% of the principal after 3 (three) years with a 30 day written notice."

27  82.   On or about the third anniversary of their investment plaintiffs Gionfriddo and Zarit

28  provided Aviss and SMG with a 30 day written notice to redeem ten percent of their principal

15

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028191

1  investment.

2  83.    Plaintiff Gionfriddo's 10% payment was due to be made on April 24, 2011.  Plaintiff

3  Zarits 10% payment was due on or about May 21, 2011.

4  84.    Defendants Aviss and SMG breached the agreement with Gionfriddo and Zarit by failing

5  to make the ten percent payment.

6  85.    As a result of said breach Gionfriddo and Zarit were damaged in an amount to be proven

7  at trial

8                    **EIGHTH CAUSE OF ACTION**

9       **NEGLIGENT HIRING, SUPERVISION AND RETENTION**

10           **(All Plaintiffs Against All Defendants)**

11  86.    Plaintiffs repeat and incorporate herein by reference each and every allegation in each

12  preceding paragraph as though fully set forth herein.

13  87.    As a licensed insurance agent Aviss had a duty not to hire unfit persons to provide

14  financial advice and sell investment products, and a duty to monitor his employees' activities to

15  determine if they were making misrepresentations to clients, and a duty to monitor his

16  employees' activities to determine if they complying with applicable insurance regulations.

17  88.    As a licensed insurance agent Aviss had a duty not to retain employees who provided

18  incompetent and/or incorrect financial advice and/or made misrepresentations to clients and/or

19  were not complying with applicable insurance regulations.

20  89.    As businesses operating in the State of California, SMG, Inter Swiss and SwissGuard had

21  a duty not to hire unfit persons to conduct business, a duty to monitor the activities of all persons

22  hired to insure that such persons were conducting business in a lawful and/or non-negligent

23  manner, and a duty not to retain persons who were conducting business unlawfully and/or

24  negligently.

25  90.    Plaintiffs are informed and believe and thereon allege that Abraham was an unfit

26  employee based on his conduct as alleged herein above.

27  91.    Plaintiffs are informed and believe and thereon allege that the defendants either knew

28  about the conduct of Abraham or failed to use reasonable care in hiring Abraham and in

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028192

1    supervising his activities and in retaining him.

2    92.    The negligent hiring, supervision and retention of Abraham by the defendants enabled

3    Abraham to injure plaintiffs in the manner alleged above.

4    93.    As a direct and proximate cause of the negligence of the defendants in hiring, supervising

5    and retaining of Abraham, plaintiffs were harmed in an amount exceeding the jurisdictional

6    limits of this court, in an amount to be proven at trial.

7                              **NINTH CAUSE OF ACTION**

8    **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 et seq.**

9    **(All Plaintiffs On Behalf of Themselves and the General Public Against All Defendants)**

10   94.    Plaintiffs repeat and incorporate by reference each and every allegation in all preceding

11   paragraphs as though fully set forth herein.

12   95.    At all times relevant hereto, California Business and Professions Code §§17200 et seq.

13   were in full force and effect.  Section 17200 of the Business and Professions Code provides, in

14   relevant part, that "unfair competition shall mean and include any unlawful, unfair, or fraudulent

15   business act or practice. . ."

16   96.    Defendants, and each of them, are "persons" as defined under Business and Professions

17   Code §17021.  Each of the directors, officers, partners and/or agents of defendants are equally

18   responsible for the acts of the other directors, officers, partners, employees and/or agents as set

19   forth in the Business and Professions Code §17095.

20   97.    Upon information and belief, plaintiffs allege that defendants engaged in the acts and

21   omissions heretofore alleged for the purpose of profiting from plaintiffs investment and

22   obtaining an unlawful or unfair business advantage in the California, all in a scheme to engage in

23   unfair competition, at the expense of their clients and to the detriment of public policy.

24   98.    Beginning at an exact date unknown to plaintiffs, but at least since January, 2008,

25   defendants have committed acts of unfair competition as defined by Business and Professions

26   Code § 17200, by engaging in the unlawful, unfair and deceptive business practices of inducing

27   clients to make investments through misrepresentation, and/or by failing to adhere to the

28   provisions of the Insurance Code, and/or by aiding and abetting and colluding with the other

                                        17
                 COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028193

1  defendants in their unlawful acts, all as alleged above.

2  99.   Defendants' practices as alleged in this Complaint are likely to mislead the general public

3  and, consequently, constitutes a fraudulent business act within the meaning of Business and

4  Professions Code § 17200.

5  100.   The unlawful, unfair and fraudulent business practices of defendants, as described above,

6  presents a continuing threat to members of the public who are not likely to be easily able to

7  uncover said practices.

8  101.   The unlawful, unfair and fraudulent business practices of defendants, as described above,

9  were substantially injurious to plaintiffs who have each suffered injury in fact and have lost

10  money as a result of the unfair competition of defendants.

11  102.   As a direct and proximate cause of the result of the aforementioned acts, defendants

12  received and continue to hold investment monies, fees, commissions and/or other compensation

13  wrongfully earned on unlawful transactions.   So as not to be unjustly enriched by their own

14  wrongful actions and conduct, defendants should be required to disgorge and restore to the

15  plaintiffs all monies wrongfully obtained as a result of their unfair, unlawful and fraudulent

16  business practices, together with interest thereon.

17  103.   Business and Professions Code §17203 provides that the Court may take those steps

18  necessary to prevent such wrongful conduct and may order defendants pay restitution to an

19  aggrieved party.

20  104.   Section 17202 of the California Business and Professions Code states: "Notwithstanding

21  Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty,

22  forfeiture, or penal law in a case of unfair competition."

23  105.   The harm to plaintiffs outweighs the utility, if any, of defendants' policies/practices and,

24  therefore, defendants' actions described herein constitute an unfair business practice or act

25  within the meaning of California Business & Professions Code § 17200.

26  //

27  //

28  //

18

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028194

**TENTH CAUSE OF ACTION**

**CONVERSION AND AIDING AND ABETTING CONVERSION**

(Against All Defendants)

106.    Plaintiffs repeat and incorporate herein by reference each and every allegation in all preceding paragraphs as though fully set forth herein.

107.    The acts of Abraham and/or Aviss in wrongfully inducing plaintiffs to surrender their annuities and invest in SMG, and the acts of the remaining defendants in knowingly aiding and abetting Abraham and utilizing the monies invested in SMG, was a wrongful assumption of authority, inconsistent with plaintiffs' rights to possession, and subverted plaintiffs' ownership rights in the annuities or other investments surrendered and the monies invested in SMG.

108.    Plaintiffs are informed and believe that the defendants gained commissions, fees or other compensation for themselves by aiding and abetting Abraham in wrongfully surrendering plaintiffs' annuities or other investments and utilizing the funds of the wrongfully surrendered annuities or other investment to invest in SMG, which funds was the rightful property of plaintiff.

109.    Defendants fraudulently concealed their wrongful actions from plaintiffs, who did not become aware of their wrongful conduct until about 2010.

110.    As a direct result of Abraham's and Aviss's acts of conversion, aided and abetted by the remaining defendants, plaintiffs have suffered damages, including such additional amounts for fair consideration for the time and money expended by plaintiffs in pursuit of their property rights in the wrongfully surrendered annuities and/or investment in SMG.

111.    The conduct of all defendants in converting and aiding and abetting in the conversion of plaintiffs' annuities and utilizing the funds from the wrongfully surrendered annuities to invest in SMG, all without plaintiff's consent, was intentional, malicious and in conscious disregard for the rights of plaintiffs, and justify an award of punitive damages.

//

//

//

19

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028195

## ELEVENTH CAUSE OF ACTION - ELDER ABUSE

### (Against All Defendants)

112.   Plaintiffs repeat and incorporate herein by reference each and every allegation in all preceding paragraphs.

113.   Plaintiff Carolynn Loeppke was born on 9/29/1938 and is currently 72 years of age. At the time of her investment in SMG Loeppke was more than 65 years of age.

114.   Plaintiff Robert Zarit was born on 6/06/1941 and is currently 69 years of age. At the time of his investment in SMG Zarit was more than 65 years of age.

115.   It is unlawful for any person or entity to take, secrete, appropriate or retain real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. Further, it is unlawful for any person or entity to assist in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud or both. (Welfare & Institutions Code § 15610.30.)   Defendants intentionally, and in bad faith, wrongfully induced Loeppke and Zarit to surrender their annuities or other investments and invest in SMG, thereby causing substantial financial loss to Loeppke and Zarit, all while defendants received fees, commissions or other compensation. Defendants' actions amount to taking, secreting, appropriating, and retaining the personal property of an elder, to both a wrongful use with the intent to defraud, in violation of section 15610.30 of the Welfare and Institutions Code.

116.   In committing the aforementioned acts defendants acted willfully and intentionally with oppression, fraud, malice and with conscious disregard for the rights of Loeppke and Zarit, Loeppke and Zarit are entitled to punitive and exemplary damages in an amount to be proven at the time of trial.

117.   Loeppke and Zarit are entitled to treble damages under Civil Code § 3345.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.   On All Causes of Action:

    a.   For compensatory damages according to proof;

    b.   For costs of suit.

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028196

1       c.  For prejudgment interest.

2       d.  For all other relief the Court deems just and proper.

3  2.     On the Third, Fourth, Fifth, Sixth, Tenth and Eleventh Causes of Action: For punitive

4  damages;

5  3.     On the Ninth Cause of Action:

6       a.  An order, ordering all Defendants, their agents, servants, and employees, and all

7  persons acting, directly or indirectly, in concert with them, to restore and disgorge all

8  funds to each member of the Class acquired by means of any act or practice declared

9  by this Court to be unlawful, unfair, or fraudulent and therefore constitute unfair

10  competition under Section 17200, et seq. of the California Business and Professions

11  Code;

12       b.  For injunctive relief pursuant to California Business & Professions Code § 17203,

13  consisting of, inter alia: (1) a declaration that Defendants have engaged in unlawful

14  and unfair and fraudulent business acts and practices in violation of California

15  Business & Professions Code § 17200, et seq.; (2) a preliminary and/or permanent

16  injunction enjoining Defendants and their respective successors, agents, servants,

17  officers, directors, employees and all other persons acting in concert with them from

18  pursuing the policies, acts and practices complained of herein and prohibiting

19  Defendants from continuing such acts of unfair and illegal business acts and

20  practices; and

21       c.  Accounting;

22  4.     On the Eleventh Causes of Action: For treble damages (Civil Code § 3345) and

23  reasonable attorney's fees (Cal. Wel. & Inst. Code § 15657.5).

24  5.     All other relief as this Court may deem proper.

25      JURY TRIAL DEMAND: Plaintiffs hereby demand a trial by jury for all issues so triable.

26  Dated: June_____, 2011     LAW OFFICE OF JAMES L. HUDGENS

27                        LAW OFFICE OF RAYMOND CHANDLER

28                        By

                      Raymond Chandler, Attorneys for Plaintiffs

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

USAOAVISS_00028197